Per Curiam.

It is clear that the first attachment was vacated. Carter’s writ as it stood when first served might have been abated for the non-joinder of L. Morse, and the alteration ought not to be allowed to injure a subsequently attaching creditor.[1]

Judgment for the plaintiffs.

 See Vancleef v. Therasson, ante, 14, note 1; Brigham v. Este, 2 Pick. (2d ed.) 425, note 2; Bell v. Austin, 13 Pick. 90. In assumpsit against two 'or more, the plaintiff cannot amend by striking out the name of one of the defendants. Redington v. Farrar, 5 Greenl. R. 379. Neither in a writ of entry will the court grant leave to amend by striking out the name of one of the demandants, which has been improperly inserted. Treat v. M‘Mahon, 2 Greenl. 120. See Peck v. Sill, 3 Connect. R. 157; Ross v. Bates, 2 Root, 198; Freeman v. Beadle, 2 Root, 492; Minor v. Woodbridge, 2 Root, 274; Waldo v. Spencer, 4 Connect. R. 71; Burrows v. Stoddard, 3 Connect. R. 431; Burnham v. Savings Bank, 5 N. Hamp. R. 573; Sherman v. Proprietors of Connecticut River Bridge, 11 Mass. R. (Rand’s ed.) 338. But by Revised Stat. c. 100, § 7, in any action, founded on contract, brought against several persons, the plaintiff may discontinue as against any of the defendants, and proceed against the others.